# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DEBRA SORENSEN, ) | |
| ) | |
| Plaintiff, ) | 8:11CV258 |
| ) | |
| vs. ) | ORDER |
| ) | |
| FRATERNAL ORDER OF THE EAGLES, ) | |
| LOCAL CHAPTER 200, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on the plaintiff's Motion for Leave to File Amended Complaint and Motion to Amend Scheduling Order (Filing No. 38). The plaintiff attached to the motion a draft of the amended pleading (Filing No. 38-1). The plaintiff filed a brief (Filing No. 39) in support of the motion. The plaintiff seeks to add a Fraternal Order of Eagles, Grand Aerie, as a defendant; add a claim based upon the Nebraska Fair Employment Practice Act (NFEPA), Neb. Rev. Stat. §§ 48-1101 to 48-1125; and add details to the factual allegations. The defendant filed a brief (Filing No. 40) opposing the plaintiff's motion.

## BACKGROUND

The plaintiff, a female, filed the instant action on July 26, 2011, against her previous employer, the Fraternal Order of the Eagles, Local Chapter 200 (Local Chapter 200), alleging she was treated less favorably compared to younger employees while working as a bartender. **See** Filing No. 1. Local Chapter 200 employed the plaintiff from August 2008, until her termination on December 19, 2009, at age 57. *Id.* ¶¶ 5, 7, and 8. The plaintiff alleges Local Chapter 200 allowed supervisors to "continually subject the Plaintiff to repeated episodes of offensive, embarrassing, and hostile comments." *Id.* ¶ 11. The plaintiff further alleges Local Chapter 200 forced her from her position and retaliated against for filing an EEOC "sexual discrimination" charge and because of her age. *Id.* ¶ 12. Based on these allegations, the plaintiff contends the defendant's conduct violates Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000e, *et seq*., the Age

Discrimination in Employment Act and the Americans with Disabilities Act of 1990. *Id.* ¶ 3 and 14. On August 24, 2011, Local Chapter 200 filed an answer denying liability for the plaintiff's claims. **See** Filing No. 4.

On December 12, 2011, the court entered an initial progression order based on the parties' joint planning report. **See** Filing No. 28. The court set February 1, 2012, as the deadline for the plaintiff to file a motion to amend. *Id.* The plaintiff did not seek an extension of the deadline. The plaintiff's original attorney withdrew his representation of the plaintiff on February 17, 2012, when substitute counsel entered an appearance. **See** Filing No. 31 - Text Order. On March 1, 2012, the court held a telephone conference with counsel for the parties and entered the final progression order scheduling the matter through discovery to trial. **See** Filing No. 32. The court set the summary judgment deadline as September 4, 2012, and scheduled trial for December 2012. *Id.*; Filing No. 33. The plaintiff filed the instant motion to amend on August 10, 2012. **See** Filing No. 38.

The plaintiff seeks to add a party, claims, and more detailed factual allegations in an amended complaint. **See** Filing No. 39 - Brief. The court notes the plaintiff's proposed amended complaint makes no mention of the plaintiff's age, age discrimination, or disability discrimination, however it is based solely on allegations of gender discrimination. **See** Filing No. 38-1. The plaintiff states additional facts were discovered "through discovery," after the filing of the original lawsuit by the plaintiff's original counsel. **See** Filing No. 39 - Brief p. 3. The plaintiff states the proposed new party, Grand Aerie, acted as an agent for Local Chapter 200 when Local Chapter 200 lost its status as a chartered Fraternal Order of Eagles chapter on March 23, 2009. *Id.* at 2. In such capacity, Grand Aerie investigated and responded to workplace harassment claims and hiring and firing of Local Chapter 200 employees. *Id.* Additionally, Grand Aerie participated in the EEOC's investigation in the plaintiff's claims. *Id.* The plaintiff alleges her right to relief against Local Chapter 200 and Grand Aerie arise out of the same transaction or occurrence and have common questions of fact and law. *Id.* at 3. The plaintiff seeks to add a claim under the NFEPA based on the same factual basis supporting the Title VII claims. *Id.* The plaintiff contends that although some deadlines, such as for discovery, should be extended, the trial date may remain

unchanged. *Id.* at 5. The plaintiff denies Local Chapter 200 would suffer any undue prejudice by allowing the amendments. *Id.* at 5-6.

The defendant's opposition to the plaintiff's motion to amend states, in its entirety, "No new factual information has been discovered since the filing of these claims. Defendant objects to this motion." **See** Filing No. 40. The plaintiff did not file a reply.

## ANALYSIS

Under Federal Rule of Civil Procedure 15, a court should grant leave to amend freely "when justice so requires." However, "denial of leave to amend may be justified by undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party." *Amrine v. Brooks*, 522 F.3d 823, 833 (8th Cir. 2008) (internal quotation and citation omitted). The party opposing the amendment has the burden of demonstrating the amendment would be unfairly prejudicial. *Roberson v. Hayti Police Dep't*, 241 F.3d 992, 995 (8th Cir. 2001); **see** *Hanks v. Prachar*, 457 F.3d 774, 775 (8th Cir. 2006). There is no absolute right to amend. *Trim Fit, LLC v. Dickey*, 607 F.3d 528, 531 (8th Cir. 2010). Whether to grant a motion for leave to amend is within the sound discretion of the district court. *Popoalii v. Correctional Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008). "If a party files for leave to amend outside of the court's scheduling order, the party must show cause to modify the schedule." *Id.* (**citing** Fed. R. Civ. P. 16(b)); **see** *Trim Fit*, 607 F.3d at 531. Additionally, the court may consider whether the "late tendered amendments involve new theories of recovery and impose additional discovery requirements." *Popoalii*, 512 F.3d at 497.

The court finds the plaintiff has shown good cause for filing the motion to amend beyond the deadline imposed earlier by the court. The record shows the parties have engaged in discovery related to the current claims. The plaintiff brought the motion to amend shortly after receiving discovery responses from the current defendant. The timing of the plaintiff's motion, particularly under the current discovery and trial schedule, does not provide evidence she engaged in undue delay.

In contrast, the defendant has failed to sustain its burden of showing unfair prejudice caused by the delay. The parties will have time to complete any necessary discovery as

deadlines have not yet expired. Moreover, the defendant fails to specify what discovery, in addition to that already taken, would be needed.

The plaintiff has shown good cause to allow the untimely amendment. Moreover, the proposed amendment is related to the current claims, and will not significantly delay the case or impact discovery requirements. Additionally, because the deadline for filing summary judgment motions would expire prior to any answers being due on the amended complaint, the court will extend the summary judgment deadline. The parties shall confer prior to seeking any additional continuances. Upon consideration,

**IT IS ORDERED:**

1. The plaintiff's Motion for Leave to File Amended Complaint and Motion to Amend Scheduling Order (Filing No. 38) is granted.

2. The plaintiff shall have to **on or before September 13, 2012**, to file the Amended Complaint. The plaintiff shall serve the Amended Complaint on Fraternal Order of Eagles, Grand Aerie, without delay.

3. The parties shall have an extension until **October 10, 2012**, to file any motions for summary judgment.

DATED this 6th day of September, 2012.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.