IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DEBRA SORENSEN,<br><br>                Plaintiff,<br><br>vs.<br><br>FRATERNAL ORDER OF EAGLES, LOCAL CHAPTER 200, and GRAND AERIE OF THE FRATERNAL ORDER OF EAGLES,<br><br>                Defendants. | CASE NO. 8:11CV258<br><br><br>MEMORANDUM<br>AND ORDER |

      This matter is before the Court on the Motion for Summary Judgment (Filing No. 73) submitted by the Grand Aerie of the Fraternal Order of Eagles ("Grand Aerie"), as well as the Grand Aerie's Objections to the Plaintiff's Evidence (Filing No. 88). For the reasons discussed below, the Objections will be granted in part and the Motion for Summary Judgment will be granted.

## OBJECTIONS TO PLAINTIFF'S EVIDENCE

      First, the Grand Aerie objects to the Court considering evidence presented by Plaintiff Debra Sorensen that is not properly authenticated or that constitutes inadmissible hearsay. The Court will grant the Grand Aerie's Objection in this respect, and will not consider any evidentiary materials that have not been properly authenticated or that constitute inadmissible hearsay.

      Second, the Grand Aerie objects to statements in Sorensen's affidavit that Grand Aerie contends are inconsistent with her deposition testimony, or that reflect speculation, her feelings and perceptions, or legal conclusions. The Court will grant the Grand Aerie's Objection in this respect, in part, disregarding Sorensen's statements that reflect speculation or conclusions of law. The Court will also consider any prior

inconsistent statements of Sorensen when determining whether genuine issues of material fact remain for a jury.

Third, the Grand Aerie objects to testimony of Sorensen's co-worker, Katrina Holtorf, suggesting that it is inadmissible under Fed. R. Evid. 401 and 403. The Court will grant the Grand Aerie's Objection in this respect, in part, disregarding statements of Holtorf that are irrelevant.

## FACTUAL AND PROCEDURAL SUMMARY

Plaintiff Debra Sorensen's only remaining claim is presented under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), based on allegations of sex discrimination, arising from sexual harassment and the creation of a hostile work environment.[1]

The record before the Court demonstrates that there is no genuine issue as to the following material facts:

Sorensen is a female resident of Fremont, Nebraska. She was hired by the Fraternal Order of Eagles Local Chapter 200 (the "Local Chapter") in August 2007 to work as a bartender. She was supervised by the Local Chapter Trustees, Jeff Clark, Mike Saxton, Paul Mittura, and Scott VonSeggern. Saxton also served as the bar manager, and supervised Sorensen in that capacity as well.

The Grand Aerie of the Fraternal Order of Eagles ("Grand Aerie") is a non-profit 501(c) tax-exempt fraternal organization that grants charters for the formation of local aeries pursuant to its constitution. When a local aerie's charter is suspended, the

---

[1] Sorensen dismissed her claim under the Nebraska Fair Employment Practice Act, Neb. Rev. Stat. §§ 48-1101, *et seq.*, and her claim for constructive discharge. She brought no claim alleging retaliation.

Grand Aerie commissions an Agent to the local aerie. The Local Chapter's charter as an aerie of the Fraternal Order of Eagles was suspended on or about March 16, 2009, and it has not regained its charter. Upon the suspension of the Local Chapter's charter, the Grand Aerie commissioned its Field Service Manager Vince Kinman to act as agent for the Local Chapter.

In April and May 2009, on at least three occasions, Clark approached Sorensen at work and told her he would be coming back for a "blow job" after everyone else had left. On or about May 7, 2009, Sorensen contacted Kinman to complain about Clark's conduct and to request assistance, and Kinman assured Sorensen he would take action.

Clark again approached Sorensen while she was working at the bar and said, "I'll be back tonight for that blow job." In late May 2009 when Sorensen walked into Clark's office for a staff meeting, Clark leaned back in his chair, gestured to his genitals, and said "Hey bitch, crawl under this desk and get started on your job." He revealed a large hole in the crotch area of his pants, and scratched his crotch throughout the meeting. Sorensen considered Clark's conduct to be humiliating, threatening, menacing, intimidating, and harassing. She was frightened to be alone with him.

Sorensen complained to bar manager Saxton about Clark's comments, and called Kinman again near the end of May 2009, asking why Clark had not been removed from his position.

On June 3, 2009, Kinman removed Clark as Trustee of the Local Chapter, and placed him on a 90-day membership suspension, the maximum suspension permitted for "conduct unbecoming an Eagle." When Clark's suspension ended, he regained his

membership privileges at the Local Chapter and became its "entertainment chairman." Sorensen was not subjected to any further harassment from Clark after his removal as a Trustee.

On December 18, 2009, Sorensen's employment with the Local Chapter ended when the bar manager stopped putting her on the work schedule.

Sorensen brought this action against the Local Chapter on July 26, 2011. She filed her Amended Complaint (Filing No. 42) on September 8, 2012, adding the Grand Aerie as a Defendant.

## STANDARD OF REVIEW

"Summary judgment is appropriate when the record, viewed in the light most favorable to the non-moving party, demonstrates there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Gage v. HSM Elec. Prot. Servs., Inc.,* 655 F.3d 821, 825 (8th Cir. 2011) (citing Fed. R. Civ. P. 56(c)). The court will view "all facts in the light most favorable to the non-moving party and mak[e] all reasonable inferences in [that party's] favor." *Schmidt v. Des Moines Pub. Sch.*, 655 F.3d 811, 819 (8th Cir 2011). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue . . . Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves." *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986). The moving party need not negate the nonmoving party's claims by showing "the absence of a genuine issue of material fact." *Id.* at 325. Instead, "the burden on the moving party may be discharged by 'showing' . . . that there is an absence of evidence to support the nonmoving party's case." *Id.*

4

In response to the movant's showing, the nonmoving party's burden is to produce specific facts demonstrating "'a genuine issue of material fact' such that [its] claim should proceed to trial." *Nitro Distrib., Inc. v. Alticor, Inc.,* 565 F.3d 417, 422 (8th Cir. 2009) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986)). The nonmoving party "'must do more than simply show that there is some metaphysical doubt as to the material facts,' and must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir.) (quoting *Matsushita*, 475 U.S. at 586-87)), *cert. denied*, 132 S. Ct. 513 (2011). "'[T]he mere existence of some alleged factual dispute between the parties'" will not defeat an otherwise properly supported motion for summary judgment. *Quinn v. St. Louis County*, 653 F.3d 745, 751 (8th Cir. 2011) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986)).

In other words, in deciding "a motion for summary judgment, 'facts must be viewed in the light most favorable to the nonmoving party only if there is a "genuine" dispute as to those facts.'" *Ricci v. DeStefano*, 557 U.S. 557, 586 (2009) (quoting *Scott v. Harris,* 550 U.S. 372, 380 (2007)). Otherwise, where the Court finds that "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party"– where there is no "'genuine issue for trial'"–summary judgment is appropriate. *Matsushita*, 475 U.S. at 587 (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.,* 391 U.S. 253, 289 (1968)).

**DISCUSSION**

The Grand Aerie contends Sorensen cannot establish that (1) she timely filed suit against Grand Aerie, (2) Grand Aerie was subject to Title VII[2], (3) she exhausted her administrative requirements with respect to Grand Aerie, (4) she was a Grand Aerie employee, (5) she suffered an adverse action or was treated less favorably than similarly situated males, or (6) she was subjected to sexual harassment severe enough to affect the terms and conditions of her employment, and Kinman failed to take appropriate remedial action.

Assuming, without deciding, that Sorensen can establish Grand Aerie was her employer, it was subject to Title VII, she was subjected to sex discrimination in the form of sexual harassment, she exhausted her administrative remedies, and she timely filed suit, summary judgment will be granted in favor of Grand Aerie, because it took appropriate remedial action to end the harassment.

"Title VII prohibits employers from discriminating against any individual based on sex with respect to their compensation, terms, conditions, or privileges of employment." *Brenneman v. Famous Dave's of America, Inc.*, 507 F.3d 1139, 1143 (8th Cir. 2007) (citing 42 U.S.C. § 2000e-2(a)(1)). "'Discrimination based on sex that creates a hostile or abusive working environment violates Title VII.'" *Id.* (quoting *Wegner v. City of Ladue*, 500 F.3d 710, 718 (8th Cir. 2007)).

"To prove a hostile-work-environment claim, [a plaintiff] must show (1) she was a member of a protected group; (2) she was subject to unwelcome harassment; (3) the

---

[2] Title VII, at 42 U.S.C. § 2000e(b), excludes from the definition of employer "a bona fide private membership club (other than a labor organization) which is exempt from taxation under section 501(c) of (the Internal Revenue Code of 1954) . . . ."

harassment was based on sex; (4) that it 'affected a term, condition, or privilege of employment;' and (5) that her employer knew or should have known of the harassment and failed to take appropriate remedial action." *Duncan v. County of Dakota*, *Neb.*, 687 F.3d 955, 959 (8th Cir. 2012) (quoting *Sutherland v. Missouri Dep't of Corr.*, 580 F.3d 748, 751 (8th Cir. 2009)).

Here, Sorensen has demonstrated that she was a member of a protected group, *i.e.*, female; that she was subject to unwelcome harassment; and that the harassment was based on sex.

The Grand Aerie argues that Sorensen has not demonstrated that the harassment affected a term, condition, or privilege of her employment. It notes that Clark never threatened to fire or otherwise discipline Sorensen if she did not engage in sex with him, and Clark never returned to the bar to demand sex from her once others had left.

In *Duncan v. General Motors Corp.,* 300 F.3d 928 (8th Cir. 2002), the Eighth Circuit noted that "[t]o clear the high threshold of actionable harm, [a plaintiff] has to show that 'the workplace is permeated with discriminatory intimidation, ridicule, and insult.'" 300 F.3d at 934 (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993)).

> "Conduct that is not severe or pervasive enough to create an objectively hostile or abusive work environment—an environment that a reasonable person would find hostile or abusive—is beyond Title VII's purview." *Oncale [v. Sundowner Offshore Servs., Inc.,]* 523 U.S. 75, 81 [1998]. (Internal quotation omitted). Thus, the fourth part of a hostile environment claim includes both objective and subjective components: an environment that a reasonable person would find hostile and one that the victim actually perceived as abusive. *Harris, [v. Forklift Sys., Inc.,]* 510 U.S. 17, 21 [1993]. In determining whether the conduct is sufficiently severe or pervasive, we look to the totality of the circumstances, including the "frequency of the discriminatory conduct; its severity; whether it is

7

> physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance."
> *Id.* at 23[.]

*Duncan v. General Motors,* 300 F.3d at 934.

The Court finds that Sorensen has come forward with sufficient evidence to create, at a minimum, genuine issues of material fact as to whether the unwelcome harassment affected a term, condition, or privilege of her employment, *i.e.,* whether a reasonable person would find Clark's conduct hostile or abusive, and whether Sorensen actually perceived it as such.

The Grand Aerie also argues that Sorensen cannot demonstrate that the Grand Aerie knew or should have known of the harassment and failed to take appropriate remedial action. The Grand Aerie refers the Court to the Eighth Circuit's decisions in *Mariwether v. Caraustar Packing Co.*, 326 F.3d 990 (8th Cir. 2003), *McCurdy v. Ark. State Police,* 375 F.3d 762 (8th Cir. 2004), *Tatum v. Ark. Dep't of Health*, 411 F.3d 955 (8th Cir. 2005), and *Green v. Franklin Nat'l Bank of Minneapolis,* 459 F.3d 903 (8th Cir. 2006), in support of its argument that Kinman's response was timely and sufficient, as a matter of law.

*Mariwether* and *McCurdy* offer little support for the Grand Aerie's position. In *Mariwether*, the employer immediately investigated the plaintiff's complaint, initially suspending the offending co-worker for two days, and within one week taking further disciplinary and corrective action. 326 F.3d at 994. In *McCurdy*, the employer immediately took steps to investigate the plaintiff's complaint, insulate the plaintiff from further offensive conduct, and take appropriate corrective measures. 375 F.3d at 771.

8

The Eighth Circuit's decisions in *Tatum* and *Green* do suggest that the Grand Aerie's response to Sorensen's complaints was sufficient as a matter of law. In *Tatum*, no investigation was begun until two weeks after the plaintiff's complaint, and the investigation took eight weeks to complete. During the investigation, the plaintiff was required to work in the same office as her alleged harasser. The Eighth Circuit found that the plaintiff had not shown that her employer failed to complete a prompt and effective investigation, and affirmed the district court's grant of a judgment as a matter of law in favor of the employer. 411 F.3d at 959-60. In *Green*, the Eighth Circuit affirmed the district court's grant of summary judgment in favor of an employer that terminated an alleged harasser approximately one month after the plaintiff's complaint of harassment. 459 F.3d at 912. It was unclear how many alleged incidents of harassment occurred between the time of the complaint and the termination. *Id.* at n.6. The Eighth Circuit noted that the employer "may not have acted in an ideal manner," but its remedial actions "were sufficient." 459 F.3d at 912. "[C]ases that [plaintiff] cites to support her claim involved situations where the employer waited much longer than one month to terminate the employee. Therefore, we conclude that the grant of summary judgment on the hostile work environment claim as to [the] harassment was proper because [the employer] took prompt remedial action." *Id.*

This Court finds that no genuine issues of material fact remain as to whether the Grand Aerie took appropriate remedial action following Sorensen's communication of her complaint to Kinman. Clark's position as a Trustee, and his supervisory relationship to Sorensen, were terminated by Kinman less than one month after Sorensen's initial complaint to Kinman. Although Kinman's investigation and remedial action ideally

9

would have happened sooner, the Grand Aerie is entitled to judgment as a matter of law on Sorensen's claim of hostile work environment discrimination under Title VII, because it took sufficient remedial action in response to her complaints.

Accordingly,

IT IS ORDERED:

1. Grand Aerie of the Fraternal Order of Eagles' Objections to the Plaintiff's Evidence (Filing No. 88) are granted in part, as follows:

    The Court will not consider portions of the Plaintiff's evidence not properly authenticated, irrelevant, constituting hearsay, or representing speculation or conclusions of law,

    And the Objections are otherwise denied; and

2. Grand Aerie of the Fraternal Order of Eagles' Motion for Summary Judgment (Filing No. 73) is granted.

Dated this 12th day of November, 2013.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge