IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DEBRA SORENSEN,<br><br>                Plaintiff,<br><br>vs.<br><br>FRATERNAL ORDER OF EAGLES,<br>LOCAL CHAPTER 200,<br><br>                Defendant. | CASE NO. 8:11CV258<br><br><br>MEMORANDUM<br>AND ORDER |

This matter is before the Court on the Motion for Reconsideration of Summary Judgment (Filing No. 96) and Motion in Limine (Filing No. 102) submitted by the Fraternal Order of Eagles, Local Chapter 200 (the "Local Chapter").

**I.  Motion for Reconsideration of Summary Judgment**

On November 12, 2013, the Court granted a motion for summary judgment submitted by the Grand Aerie of the Fraternal Order of Eagles ("Grand Aerie"), but denied a motion for summary judgment submitted by the Local Chapter.  (Filing Nos. 92 and 93.)  The Local Chapter now asks the Court to reconsider the denial of the Local Chapter's motion for summary judgment, arguing that no Trustees of the Local Chapter were aware of the alleged harassment of Plaintiff Debra Sorensen by Jeff Clark until after Sorensen made Vince Kinman of the Grand Aerie aware of the harassment. Because the Court concluded Kinman took reasonably prompt action after learning of Sorensen's complaints, and granted summary judgment in favor of the Grand Aerie, the Local Chapter argues that summary judgment should be granted in its favor as well.

The Local Chapter's argument ignores the evidence before the Court to the effect that Clark himself was a Trustee of the Local Chapter.  Accordingly, the Local Chapter's Motion for Reconsideration of Summary Judgment will be denied.

**II.  Motion in Limine**

The Local Chapter seeks to preclude Sorensen from offering any evidence at trial concerning allegations made against the Local Chapter by Katrina Holtorf or any person other than Sorensen.  The Local Chapter also seeks to preclude Sorensen from making any reference to an investigation conducted by the Equal Employment Opportunity Commission ("EEOC") regarding Sorensen's allegations.

While Katrina Holtorf's civil action against the Local Chapter likely is not relevant to these proceedings, Holtorf's testimony about Clark's conduct toward her may be admissible.  The admissibility of so-called "me-too" evidence in sexual harassment cases depends on relevance, and a trial judge must consider "'many factors, including how closely related the evidence is to the plaintiff's circumstances and theory of the case.'"  *Quigley v. Winter*, 598 F.3d 938, 951 (8th Cir. 2010) (quoting *Sprint/United Mgt. Co. v. Mendelsohn*, 552 U.S. 379, 388 (2008)).  Based on the evidence presented in connection with motions for summary judgment in this case and in *Holtorf v. Fraternal Order of Eagles, et al.*, 11cv259, it appears that the allegations of Sorensen and of Holtorf are *very* closely related.

"'In an employment discrimination case, the decision whether to admit or exclude administrative findings, such as EEOC investigation matters, is properly left to the sound discretion of the district court.'"  *Quigley*, 598 F.3d at 951 (quoting *Doss v. Frontenac,* 14 F.3d 1313, 1318 (8th Cir. 1994)).

2

Any motions in limine in this case were required to be filed on or before December 12, 2013. (Third Amended Order Setting Final Schedule for Progression of Case, Filing No. 95.) The Defendant's motion was untimely, and will be denied on that basis, without prejudice to the Defendant raising its objections at the time of trial.

Accordingly,

IT IS ORDERED:

1. The Motion for Reconsideration of Summary Judgment (Filing No. 96) submitted by Defendant Fraternal Order of the Eagles, Local Chapter 200, is denied; and

2. The Motion in Limine (Filing No. 102) submitted by Defendant Fraternal Order of the Eagles, Local Chapter 200, is denied, without prejudice to the Defendant raising its objections at the time of trial.

Dated this 20th day of December, 2013.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge